UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTONI BOADA MARVAL,

        Petitioner,

    v.

WARDEN OF CALIFORNIA CITY
DETENTION CENTER,

        Respondent.

No.  1:26-cv-02589-JLT-CDB (HC)

ORDER REQUIRING PETITIONER TO FILE
AMENDED PETITION

**30-Day Deadline**

Clerk of the Court to Send Habeas Petition
Form

Petitioner Antoni Boada Marval ("Petitioner"), a federal immigration detainee, initiated this action on April 6, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).  Petitioner is detained at the California City Correctional Center. *Id.* ¶ 2.

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Because Petitioner was detained at California City Correctional Center at the time of filing, and that facility lies within the Eastern District of California, this Court has jurisdiction to proceed to the merits of the petition.  *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) ("Federal

1

courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'") (citing 28 U.S.C. § 2241); *see*, *e.g.*, *Doe v. Garland*, 109 F.4th 1188, 1197-99 (9th Cir. 2024) (holding that the Eastern District of California exercises jurisdiction over core habeas corpus petitions filed by petitioners confined at a facility within this district)

However, Petitioner asserts no facts in the petition.  The petition is devoid of any information for the Court to evaluate Petitioner's request on the merits.  *See generally* (Doc. 1). Accordingly, because Petitioner does not provide any grounds on which to challenge his detention, the Court preliminarily concludes that Petitioner's petition fails to state a claim under 28 U.S.C. § 2241.  *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Vang v. Arias*, No. 2:24-cv-1644-JDP (P), 2025 WL 671575, at *1 (E.D. Cal. Mar. 3, 2025) (noting that "petitioner offers no facts to support" his claim and, as such, he failed to state a claim, and granting leave to amend the petition).

The Court will grant Petitioner leave to amend his petition to assert facts supporting his request for relief.  *See Hall v. Warden, Otay Mesa Det. Ctr.*, No. 3:26-cv-01409-RBM-DDL, 2026 WL 662434, at *1 (S.D. Cal. Mar. 6, 2026) ("Petitioner provides no facts regarding his immigration status.  For example, Petitioner does not state how long he has resided in the country, when and where he entered the United States, the nature of his 'immigration matters,' whether he has received a bond hearing, whether he was previously detained by Respondents and released on parole, or whether he is subject to mandatory detention by Respondents.  Without this information, the Court cannot determine whether Petitioner is entitled to habeas relief.").

**Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS:

1. The Clerk of the Court is directed to send Petitioner a habeas petition form.

2. **Within 30 days** of service of this order, Petitioner SHALL FILE either:

    a. An amended petition correcting the deficiencies set forth above;

      *or*

    b. A notice of voluntary dismissal (Fed. R. Civ. P. 41 (a)(1)(A)(i)).

**If Petitioner fails to comply with this order, the undersigned will recommend that the petition be dismissed for failure to comply with court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:    **April 13, 2026**

_____
UNITED STATES MAGISTRATE JUDGE